**Salif SY, Petitioner,**

v.

**Alberto R. GONZALES,[1] United States Dept. of Justice, Respondents.**

**No. 04–0955–ag.**

United States Court of Appeals, Second Circuit.

June 21, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R.

Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

**124**

Bruno Joseph Bembi, Hempstead, New York, for Petitioner.

PRESENT: Hon. DENNIS JACOBS, Hon. ROBERT D. SACK, Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Salif Sy, through counsel, petitions for review of the BIA decision affirming Immigration Judge ("IJ") Jeffery S. Chase's denial of his application for asylum, withholding of removal and relief under Article 3 of the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 158 (2d Cir.2004). A summary affirmance "approves the result reached in the decision below; it does not necessarily imply approval of all of the reasoning of that decision, but does signify the Board's conclusion that any errors in the decision of the immigration judge or the Service were harmless or nonmaterial." 8 C.F.R. § 1003.1(e)(4). Accordingly, we cannot assume that the BIA upheld all, or any one part, of the IJ's decision. At most, we may assume that the BIA agreed with at least one of the IJ's several reasons for denying Sy asylum.

■ To the extent that the BIA upheld the IJ's pretermission of Sy's asylum application, we may not review that decision because Sy failed to exhaust administratively any of the legal challenges he now brings before the Court. We review a final order of removal only if the petitioner "has exhausted all administrative remedies available to the [petitioner] as of right." 8 U.S.C. § 1252(d)(1). Ordinarily, a petitioner's failure to exhaust administrative remedies constitutes a "clear jurisdictional bar." *Mejia–Ruiz v. INS,* 51 F.3d 358, 362 (2d Cir.1995). Whether the cause for the failure to exhaust an administrative remedy is an applicant's failure to file an appeal with the BIA, or his failure to present the "discrete issue" later raised in a petition for review, this Court lacks jurisdiction over such unexhausted claims. *See Foster v. INS,* 376 F.3d 75, 78 (2d Cir.2004).

■ Although there may be merit to Sy's arguments that there were errors in the translation of the documents he submitted and that the IJ did not adequately consider some of the evidence in the record, we do not review these issues because Sy did not raise them before the BIA. *Foster v. INS,* 376 F.3d 75, 78 (2d Cir. 2004). Even if the IJ's failure to consider part of the evidence in the record had due process implications, Sy was nonetheless required to raise these issues before the BIA *Theodoropoulos v. INS,* 358 F.3d 162, 172–73 (2d Cir.2004) (noting that where the BIA may decide underlying issues of fairness of process, and could have provided the possibility of relief, petitioner was required to exhaust even due process claims before petitioning the Court for review). Similarly, Sy failed to exhaust his challenge to the IJ's decision to deny his application for withholding of removal and CAT relief.

█ To the extent that the BIA disagreed with the finding of the IJ with respect to whether Sy applied for asylum within one year of his arrival, and upheld the IJ's denial of relief based on the merits of his case, it did not err in doing so because substantial evidence supports the determination. Like other factual findings, the Court reviews adverse credibility determinations under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

█ The IJ found that Sy's documents would not be in "pristine condition" if they had been taped to his clothes while he was (1) detained for 18 days in squalid conditions (2) whipped and frisked, (3) forced to cross a river in a canoe, and (4) relocated to a refugee camp for several years. A reasonable adjudicator would not be compelled to conclude otherwise. The IJ also reasonably disregarded Sy's explanation that he "guarded such documents jealously because he was proud of [them]." In addition, it was within the IJ's authority as fact-finder to find it incredible that Sy "could not explain how he got from the dock where the boat arrived to this flea market [in Miami] where he miraculously bumped into Africans who just happened, at that moment, to be leaving in a van for New York."

█ Similarly, the record reflects that the IJ considered and reasonably rejected the possibility of a pattern or practice of persecution against black Mauritanians. The IJ referenced "Country Reports" for the propositions that only ten percent of black Mauritanians were displaced between 1989–90, and that Sy did not fit into a category of people who were typically deported by the Mauritanian government.

Moreover, the State Department report in the records indicates that about half of the black Mauritanians who were displaced between 1989–90, had returned to the country, and that although "interethnic bitterness and hostility persists," ethnic tensions had "eased."

Accordingly, Sy's petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED. Any pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).